Alan ALTMAN, Plaintiff,

v.

William J. KELLY, Robert Mercer, George Anderson, Christopher Casey, Richard White, Town of Lexington, and The District Attorney of Northern District, et al., Defendants.

No. Civ.A. 98–10301–EFH.

United States District Court,
D. Massachusetts.

Dec. 7, 1998.

---

**5.** The plaintiff-intervenors never opposed the government's motion for summary judgment as to them.

**51**

Barry M. Altman, Wilmington, MA, for Plaintiff.

Joseph W. Monahan, III, Cambridge, MA, Douglas I. Louison, Merrick and Louison, Kenneth W. Salinger, Palmer & Dodge, Gregory I. Massing, Attorney General's Office, Boston, MA, for Defendants.

David D. Dowd, Curley & Curley, Boston, MA, for Intervenor–Defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on a Motion to Dismiss brought by Defendant Assistant District Attorney Renehan, Defendant Assistant District Attorney Bellefontaine, and Defendant District Attorney for the Northern District, collectively the "District Attorney Defendants." For the reasons discussed below, the District Attorney Defendants' Motion to Dismiss is granted. Each of those defendants is dismissed from this case.

The pertinent facts are as follows: On March 2, 1996, the plaintiff was arrested by the Lexington Police for disorderly conduct, in connection with his conduct at a "Pat Buchanan for President" rally. The plaintiff was arraigned on that charge on March 4, 1996 and pleaded not guilty. That same day, the plaintiff applied for criminal cross complaints, for violations of his civil rights and assault and battery, against the three individual Lexington police officers who were involved in his arrest. At the show cause hearing on the plaintiff's cross complaints, on May 1, 1996, a specially assigned Clerk–Magistrate declined to issue criminal complaints against the three police officers.

The disorderly conduct charge still pending against the plaintiff in Concord District Court was ultimately dismissed by Judge Paul McGill on August 12, 1996. The plaintiff was, however, later charged by federal officials for violating federal law in connection with the same March 2, 1996 incident. After a three-day bench trial in October of 1997, this Court found the plaintiff not guilty. Accordingly, no charges are currently pend-

ing against the plaintiff in connection with that incident.

Plaintiff has since, however, brought this action, naming as defendants a Lexington police sergeant, a Lexington police detective, a Lexington police officer, the Lexington Chief of Police, the Lexington Town Manager, the Town of Lexington, the two assistant district attorneys who prosecuted the disorderly conduct case against him and the District Attorney for the Northern District. It is the failure and refusal of Defendant Assistant District Attorney Renehan and Defendant Assistant District Attorney Bellefontaine to dismiss the "groundless disorderly conduct charge" against him that is at the heart of the plaintiff's present complaint against the two assistant district attorneys for violating his civil rights. Specifically, the plaintiff alleges that the assistant district attorneys (the "ADAs") refused to dismiss the disorderly conduct charge, despite knowing that charge to be "baseless," "in order to retaliate against [him] for exercising his constitutional rights and in an attempt to deter him from bringing possible civil claims."

Claiming that the conduct of the assistant district attorneys deprived him of his constitutional rights, the plaintiff is seeking money damages from the individual assistant district attorneys under 42 U.S.C. § 1983. The plaintiff is also seeking declaratory relief "adjudging the applicable state statutes and conduct of the defendants to be unconstitutional" and an injunction "against any attempt to enforce an unconstitutional law and/or any unconstitutional act or omission." The plaintiff seeks this equitable relief against the individual ADAs as well as against the District Attorney for the Northern District.

The individual ADAs have moved to dismiss the action against them for money damages on the ground that they are absolutely immune from liability for any actions taken by them in connection with their role as prosecutors in a criminal proceeding. With respect to the action against the individual ADAs for money damages, the Court accepts as true, for the purposes of this motion, that they did in fact refuse to dismiss the disorderly conduct charge against the plaintiff despite knowing the charge to be "baseless."

Even accepting the truthfulness of this allegation, however, this Court rules that the individual assistants are absolutely immune from liability for their alleged conduct.

Generally, public officials are entitled only to qualified immunity, rather than absolute immunity, for their conduct when they are sued under 42 U.S.C. § 1983. The Supreme Court has held, however, that prosecutors are entitled to absolute immunity from liability under Section 1983 for their conduct in "initiating a prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). When prosecutors are performing administrative or investigatory functions, however, they are entitled only to qualified immunity. *See id.* 500 U.S. at 491, 111 S.Ct. 1934. Accordingly, the question of whether prosecutors are entitled to absolute immunity for their conduct focuses on the "nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (quoting *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)). In considering that question, the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. *See Burns,* 500 U.S. at 486, 111 S.Ct. 1934.

A recent decision by the United States Court of Appeals for the First Circuit illustrates this "functional" approach. In *Guzman–Rivera v. Rivera–Cruz,* 55 F.3d 26, 28 (1st Cir.1995), the Plaintiff Hector Guzman Rivera had been arrested, convicted and imprisoned for a murder he did not commit. He sued several officials from the Department of Justice (DOJ) for failing to reinvestigate the facts of the murder in a timely manner after his conviction and for failing to move for his release once their investigation had established his innocence. The Court of Appeals for the First Circuit, addressing the immunity of the DOJ officials, employed the required "functional" approach and sought to

determine whether the officials were performing prosecutorial functions at the time of the alleged misconduct or were merely acting in an administrative or investigatory capacity at the time.

As to the alleged failure of the DOJ officials to reinvestigate the matter in a timely fashion, the court found that the functions of actively gathering and corroborating evidence of Guzman's innocence were functions that would typically be performed by police officers and detectives. To the extent that DOJ officials performed these functions, therefore, or failed to do so in a timely manner, they were not performing functions "intimately associated with the judicial phase of the criminal process" and therefore were not entitled to absolute immunity. *Guzman–Rivera*, 55 F.3d at 30 (quoting *Imbler*, 424 U.S. at 430, 96 S.Ct. 984). As to the alleged failure of the DOJ officials to dismiss the action against Guzman once they became aware of his innocence, the court recognized that a prosecutor's decision not to dismiss a criminal case complements the prosecutor's initial decision whether to prosecute the case in the first place and therefore "lies at the heart of the prosecutorial function." *Id.* at 31. Thus, despite calling the DOJ officials' post-investigation failure to move for Guzman's release "reprehensible," the court held that the officials were absolutely immune from civil damages liability for that conduct. *Id.*

■ The heart of the plaintiff's Complaint here, at least with respect to the individual ADAs, is that the ADAs failed to dismiss the disorderly conduct charge despite knowing it to be "baseless." As the First Circuit made clear in *Guzman–Rivera*, however, a prosecutor's decision whether or not to dismiss a charge, like a prosecutor's

decision whether or not to prosecute, "lies at the heart of the prosecutorial function." 55 F.3d at 31. Accordingly, this Court holds that the individual ADAs are absolutely immune from liability under Section 1983 for their failure to dismiss the disorderly charge against the plaintiff, whatever their alleged motives may have been. Plaintiff's claims against the individual ADAs for monetary damages, therefore, must be dismissed. For a defendant in a criminal case to be entitled to sue a prosecutor who was carrying out his prosecutorial function would inhibit the full and free exercise of a most essential governmental power—the power to prosecute crime. The good order of society does not countenance it.[1]

In addition to monetary damages, however, the plaintiff also seeks equitable relief against the District Attorney defendants, in the form of declaratory relief "adjudging the applicable state statutes and conduct of the defendants to be unconstitutional" and an injunction "against any attempt to enforce an unconstitutional law and/or any unconstitutional act or omission." This Court holds, however, that the plaintiff lacks standing to assert a claim for such relief against these defendants and, accordingly, grants the District Attorney Defendants' Motion to Dismiss with respect to the plaintiff's claims for equitable relief.

■ In order to have standing in federal court, so as to properly invoke federal court jurisdiction to decide an "actual case or controversy," a litigant must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). In this case, the plaintiff's prayer for equitable relief against these

---

1. To the extent that the plaintiff seeks to recover on the basis of his allegation that the individual ADAs "sought to withhold automatic mandatory discovery to which Altman was entitled as a criminal defendant ... until after the May 1, 1996 show cause hearing," (regarding the plaintiff's cross complaints against the Lexington police officers), "in order to advance the interests of [the Lexington police officers]" at that hearing, that claim also fails. The plaintiff was entitled to this information as a criminal defendant, not as part of his cross-complaint against the

Lexington police officers which was being heard on May 1, 1996. Nonetheless, he acknowledges having received this information on April 29, 1996, prior to the show cause hearing and well in advance of the ultimate disposition of the criminal case against him. He has not alleged either that he was entitled to this information before that date or that he was prejudiced by not having received it until that date. Accordingly, the allegation that the ADAs "sought to withhold" the information from him fails to state an actionable claim.

particular defendants fails on the "redressability" ground.

In *American Postal Workers Union v. Frank,* 968 F.2d 1373, 1376 (1st Cir.1992), the Court of Appeals for the First Circuit reiterated the well established principle that past injury suffered by a litigant, while sufficient to give that litigant standing to bring an action for *damages,* is an insufficient predicate for equitable relief. The court explained that "past exposure to harm will not, in and of itself, confer standing upon a litigant to obtain equitable relief '[a]bsent a sufficient likelihood that he will again be wronged in a similar way.' " *Id.* (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

■ In this case, all of the state charges against the plaintiff have been dismissed and the plaintiff has not specifically alleged that he is likely to be similarly "wronged" in the future. Seeking to overcome that deficiency, the plaintiff alleges that "the District Attorney maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the District and Altman" and argues that, because the "District Attorney officially authorized the unlawful conduct," a threat of future violations does in fact exist. This Court holds that this allegation is insufficient to establish a case or controversy between these parties. More specifically, the Court is not persuaded that the plaintiff is "realistically threatened by a repetition of his experience" of March 2, 1996. *Lyons,* 461 U.S. at 109, 103 S.Ct. 1660. Namely, the plaintiff has not credibly alleged that *he* will sometime in the future exercise *his* rights to free speech at a political rally in such a manner that *he* will again be arrested for disorderly conduct and that the District Attorney will again attempt to wrongfully prosecute *him* for such conduct. *See id.* 461 U.S. at 105, 103 S.Ct. 1660 (emphasis added). Accordingly, because the plaintiff lacks standing to seek the equitable relief prayed for in his Complaint, this Court grants the Defendant District Attorneys' Motion to Dismiss with respect to that relief.

■ As to the remaining allegation against the District Attorney defendants, contained in Count II of the Complaint, that their conduct violated the Massachusetts Civil Rights Act, the Court declines to exercise supplemental jurisdiction over these claims against these defendants and orders that such claims be remanded to the Superior Court for Middlesex County.

SO ORDERED.