**Alan ALTMAN, Plaintiff,**

v.

**William J. KELLY, et al., Defendants.**

**No. Civ.A. 98–10301–EFH.**

United States District Court,
D. Massachusetts.

Feb. 16, 1999.

Barry M. Altman, Wilmington, MA, for Alan Altman, plaintiff.

Joseph W. Monahan, III, Cambridge, MA, Douglas I. Louison, Merrick and Louison, Boston, MA, for William J. Kelly, robert Mercer, George P. Anderson, defendants.

Douglas I. Louison, Merrick and Louison, Boston, MA, for Christopher Casey, Richard J. White, defendants.

Kenneth W. Salinger, Palmer & Dodge, Boston, MA, Douglas I. Louison, Merrick and Louison, Boston, MA, for Town of Lexington, defendant.

Gregory I. Massing, Attorney General's Office, Boston, MA, for District Attorney of Northern District, defendant.

David D. Dowd, Curley & Curley, Boston, MA, for American Attorney of Northern District, Robert G. Baynes, Jr., defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff's Motion for Summary Judgment is denied. Defendants' Motion for Summary Judgment is denied as to Defendants Mercer, Kelly, and Anderson. As to Defendants Casey, White, and Town of Lexington, Defendants' Motion for Summary Judgment is allowed, with respect to Count I, for the reasons discussed below.

Plaintiff's Complaint arises out of his allegedly wrongful arrest and subsequent prosecution for disorderly conduct in connection with a "Pat Buchanan For President" rally in 1996.[1] With respect to Defendant Casey (the Lexington Police Chief) and Defendant White (the Lexington Town Manager), plaintiff alleges that each defendant was aware of the plaintiff's allegedly wrongful arrest and prosecution, each inadequately supervised the officers and/or prosecutors involved, and each failed to intervene to protect plaintiff's rights. The conduct of each, therefore, plaintiff alleges, exhibited a deliberate indifference to plaintiff's constitutional rights and thereby violated Section 1983. With respect to Defendant Town of Lexington, plaintiff alleges that the Town maintained policies and/or customs which similarly exhibited a deliberate indifference to plaintiff's constitutional rights and thereby violated Section 1983. Plaintiff has provided no evidence, however, to support these conclusory allegations and thereby to avoid summary judgment. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Having sued Defendants Casey and White for their supervisory roles in the alleged deprivation of plaintiff's rights, plaintiff

---

1. The facts of this case are more fully described in this Court's earlier ruling, dismissing the action against the "District Attorney defendants," published at 28 F.Supp.2d 50 (D.Mass.1998).

can only avoid summary judgment in favor of those defendants by providing evidence sufficient to support a finding of their deliberate indifference to the constitutional rights of others. *E.g., Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 92 (1st Cir.1994). Plaintiff has not done so. As the United States Court of Appeals for the First Circuit stated in *Dow v. United Brotherhood of Carpenters,* 1 F.3d 56, 58 (1st Cir.1993), "Brash conjecture, coupled with earnest hope that something concrete will eventually materialize, is insufficient. . . ." Accordingly, Defendants' Motion for Summary Judgment is allowed as to Defendants Casey and White, with respect to the Section 1983 claim.

With respect to the Section 1983 claim against Defendant Town of Lexington, plaintiff can only avoid summary judgment in favor of that defendant by providing evidence sufficient to establish a policy or custom attributable to the Town that caused the alleged deprivations of plaintiff's rights. *See, e.g., Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The law is exceedingly clear, however, that such a policy or custom cannot be established on the basis of a single event alone. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Mahan v. Plymouth County House of Corrections,* 64 F.3d 14, 16–17 (1st Cir.1995). Plaintiff seeks to overcome his failure to provide evidence of similar incidents by arguing that his case, in and of itself, involved multiple "incidents" (the wrongful arrest and then each subsequent court appearance) and multiple actors (the arresting officers, the police prosecutor, two assistant district attorneys and the District Attorney himself, the Chief of Police, and the Town Manager) and that such evidence, under the First Circuit's decision in *Bordanaro v. McLeod,* 871 F.2d 1151, 1156–57 (1st Cir.1989), creates a triable issue as to policy or custom. Plaintiff's argument lacks merit.

*Bordanaro* holds only that a particular incident involving the concerted action of a large contingent of municipal employees may support the inference of an underlying policy or custom *"where other evidence of the policy*

*has been presented."* 871 F.2d at 1157 (emphasis added). In that case, which involved the unconstitutional practice of police breaking down doors without a warrant when they arrested felons, the "other" evidence establishing the policy or custom included: (1) testimony by a police sergeant that he had been present at some 20–30 or even 50–60 such incidents; (2) the fact that the city provided a 12–pound sledge hammer for use in breaking down doors; and (3) uncontradicted testimony that this was "the way things [were] done and [had] been done." *See id.* at 1156 (citations omitted). There is no such "other" evidence in this case.

Rather, the situation here is more like that presented in *Mahan v. Plymouth County House of Corrections,* 64 F.3d 14, 16–17 (4th Cir.1995). There, the plaintiff alleged that the municipality had a custom of inadequately investigating criminal complaints and then making arrests without probable cause. *See id.* at 16. The plaintiff had produced no evidence, however, of either improper investigative methods or prior incidents similar to his own. *See id.* at 17. The United States Court of Appeals for the First Circuit reiterated the rule that evidence of a single incident cannot, by itself, establish a policy or custom. *See id.* at 16–17. Moreover, the court appeared to clarify its holding in *Bordanaro* —to the extent it had left the matter in doubt—that concerted action by a large contingent of municipal officials could support, but not by itself establish, the existence of a municipal policy or custom. *See Mahan,* 64 F.3d at 16–17. Because plaintiff has failed to present this Court with evidence of even a single similar incident which could arguably support a finding of a municipal policy or custom, Defendants' Motion for Summary Judgment as to Defendant Town of Lexington, with respect to Count I, is allowed.

This decision disposes of the only federal claims against Defendants Casey, White, and Town of Lexington and the Court declines to exercise supplemental jurisdiction over the remaining state law claims against them. Accordingly, the Court orders that Count II, alleging a violation of the Massachusetts Civil Rights Act, and Count VIII, alleging negli-

gence, be remanded, as to Defendants Casey, White, and Town of Lexington, to the Superior Court for Middlesex County.

SO ORDERED.